■ In the Matter of CLIFFORD H. CARL, Appellant, v BARBARA J. CHARIFF, Respondent. [641 NYS2d 142] —Mercure, J. Appeal from an order of the Family Court of Broome County (Cas-

tellino, J.), entered June 16, 1994, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 4, to vacate an adjudication of contempt and commitment to the Broome County Jail.

By order entered October 1, 1993, Family Court modified a prior order of support so as to provide that petitioner was chargeable with the support of his daughter, Julie Ann Carl, in the amount of $321.76 per week, fixing support arrears at $36,771.96, and authorizing the entry of judgment in favor of respondent and against petitioner in that amount. By subsequent order of Family Court dated February 15, 1994, petitioner was found to be in willful violation of the October 1, 1993 order and sentenced to a six-month term in the Broome County Jail unless suitable arrangements were made to satisfy the support arrears within 30 days thereafter. In May 1994, petitioner made the present application to vacate Family Court's finding of contempt and commitment upon the ground that the support arrears and the judgment entered thereon had been satisfied by virtue of the February 7, 1994 execution sale of real property owned by petitioner.

Specifically, it is petitioner's contention that the property, which he values at $1.2 million, was sold to respondent's husband for $500 and that he should be credited not with the fraudulent sale price but with the full value of the property. Even assuming (without deciding) that, upon a proper factual showing, petitioner would be entitled to a credit against the outstanding judgment in an amount equal to the value of the property rather than the price bid for it at the execution sale, the fact remains that petitioner failed to support his application with competent evidence establishing any of his essential allegations, including the value of the property. Moreover, our review of the incomplete record supports respondent's contention that the property was encumbered by a $600,000 mortgage (which was subsequently foreclosed) and was purchased at the execution sale by Ziba Cosmetics, Inc., a corporation in which neither respondent nor her husband had any beneficial interest. Under the circumstances, petitioner's application was properly denied.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.